### UNITED STATES v. EDWARDS.

(District Court, E. D. Michigan, S. D. February 19, 1924.)

No. 8740.

1. **Intoxicating liquors ☜248, 249—Description in affidavit and search warrant held sufficiently definite.**

A description in an affidavit for a search warrant and in the search warrant of the property to be searched for and seized as "whisky and certain other intoxicating liquors, the exact kind and quantity of the same being at this time to affiant unknown," *held* sufficiently specific.

2. **Intoxicating liquors ☜248—Affidavit held to authorize direction to serve search warrant at night.**

A positive averment in an affidavit for a search warrant that "deponent further states upon his own knowledge that in and upon the premises aforesaid * * * is now a certain quantity of intoxicating liquor fit for beverage purposes * * * used in connection with the aforesaid violation of the National Prohibition Act" (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), *held* sufficient, under Espionage Act, tit. 11, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼j), to support a direction that the warrant be served at any time of day or night.

3. **Intoxicating liquors ☜249—Search warrant not invalid because it did not expressly require the officer to bring the property seized before the commissioner.**

A search warrant is not invalid because it does not in express terms' direct the officer to bring the property seized before the commissioner, but instead directs that he make such disposition of it as required by law.

4. **Intoxicating liquors ☜249—Under Prohibition Act search warrant may be issued to prohibition agent.**

Under National Prohibition Act, tit. 2, § 2 (Comp. St. Ann. Supp. 1923, § 10138½a), a search warrant may lawfully be issued to a prohibition agent.

Criminal prosecution by the United States against Henry C. Edwards. On motion to quash indictment and for return of liquors seized. Denied.

Delos G. Smith, U. S. Atty., of Detroit, Mich.
McKenzie & Polozker, of Detroit, Mich., for defendant.

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TUTTLE, District Judge. An indictment has been returned against the defendant charging him with violation of the National Prohibition Act in the unlawful sale of whisky. Defendant has filed a motion asking that said indictment be quashed and that certain whisky and other intoxicating liquor taken from defendant under a certain search warrant be returned to him on the ground that said search warrant was fatally defective.

It is claimed that the search warrant was void for the following reasons: First, that the property to be seized thereunder was not described with sufficient particularity; second, that the affidavit on which such search warrant was based was not sufficiently positive to justify the seizure which was made thereunder in the nighttime; third, that said search warrant failed to contain the necessary command that the property to be seized should be brought before the judge or commissioner; and, fourth, that said search warrant was not directed to, nor served by, a civil officer of the United States.

[1] The affidavit on which the search warrant in question was based was in the following language:

"Before me, a United States' commissioner in and for the Southern division of the Eastern district of Michigan, in said district and division, personally appeared one L. R. Barber, a resident of the county of Wayne, state of Michigan, who being duly sworn deposes and says: That on the 1st day of February, 1923, at about 7:30 p. m., he went to a cigar store and soft drink stand located at 2124 John R. street, Detroit, Wayne county, Mich., where he purchased three drinks of whisky at 50 cents per drink from a man about five feet 7 inches tall, weight about 165 pounds, dark hair. That the building is a two-story frame building, occupied as a soft drink stand and cigar store, and used for the illegal sale of intoxicating liquor. That because of the above facts he has reasonable cause to believe, and does believe, that the National Prohibition Act is being violated and a fraud upon the United States government is being committed by the use of the aforesaid premises, to wit, a two-story frame building, occupied as a soft drink stand and cigar store, and used for the illegal sale of intoxicating liquor, to wit, the premises known as 2124 John R. street, Detroit, Wayne county, Mich., being the soft drink stand and cigar store above mentioned, which is being used for the purpose of manufacturing, selling, bartering, keeping, furnishing, and possessing intoxicating liquor fit for beverage purposes containing more than one-half of 1 per cent. of alcohol by volume, in violation of title 11 of the National Prohibition Act; said premises being in the possession, custody and control of one, to wit, John Doe, and certain other persons connected with and assisting in the conduct and management of said place and premises, and residing therein, the names of these last persons being to this affiant unknown, all of which said persons are engaged in the unlawful manufacture, sale, barter, and possession of intoxicating liquors. Deponent further states, upon his own knowledge, that in and upon the premises aforesaid, to wit, a two-story frame building, occupied as a soft drink stand and cigar store, and used for the illegal sale of intoxicating liquor, to wit, the premises known as 2124 John R. street, Detroit, Wayne county, Mich., being the soft drink stand and cigar store above mentioned, and particularly at the bar of the building aforesaid, in the possession of the said John Doe and other persons to this affiant unknown, is now a certain quantity of intoxicating liquor fit for beverage purposes, unlawfully acquired, possessed, stored, and used in connection with the aforesaid violation of the National Prohibition Act; said intoxicating liquor consisting of whisky and certain other intoxicating liquors, the exact kind and quantity of the same being at this time to this affiant unknown. Wherefore this complainant prays that a search warrant may issue, authorizing the proper officers to search the above-described

296 F.—33

premises because of the crime heretofore alleged, and pursuant to the statutes in such case made and provided.                               L. R. Barber, Affiant.

"Subscribed and sworn to before me this 2d day of February, 1923.
                                                            "J. Stanley Hurd,
"United States Commissioner, Eastern District of Michigan."

The search warrant issued on said affidavit was in full, as follows:

"To the Commissioner of Internal Revenue, His Assistants, Agents and Inspectors, the U. S. Marshal and His Deputies for the Eastern District of Michigan, and to John R. McDonald, Federal Prohibition Agent, and His Deputies, or Any of Them—Greeting:   Whereas, one L. R. Barber has made affidavit that on the 1st day of February, 1923, at about 7:30 p. m., he went to a cigar store and soft drink stand located at 2124 John R. street, Detroit, Wayne county, Mich., where he purchased three drinks of whisky at 50 cents per drink from a man about 5 feet 7 inches tall, weight about 165 pounds, dark hair; that the building is a two-story frame building, occupied as a soft drink stand and cigar store and used for the illegal sale of intoxicating liquor; and whereas, complaint on oath and in writing has this day been made before me, J. Stanley Hurd, United States commissioner for the Eastern district of Michigan, Southern division, by one L. R. Barber, federal prohibition agent, alleging that he has reasonable cause to believe and does believe, that the National Prohibition Act is being violated and a fraud upon the United States is being committed by the use of a two-story frame building, occupied as a soft drink stand and cigar store, and used for the illegal sale of intoxicating liquor, to wit, the premises known as 2124 John R. street, Detroit, Wayne county, Mich., being the soft drink stand and cigar store above mentioned; and whereas, I have examined under oath and taken the affidavit of L. R. Barber and find that there is probable cause to believe that the foregoing grounds for the application exist:  Now, therefore, you, or any or either of you, are hereby commanded forthwith to enter the said premises, being the soft drink stand and cigar store above mentioned, and then and there to diligently search for said intoxicating liquor, or utensils, instruments, materials, or property intended for use in violating said National Prohibition Act, and, if the same be found, that you seize and secure the same and act with same according to law, and that you make return of this warrant to the undersigned within ten days from the date thereof.   This warrant shall be served at any time of day or night.   You are also commanded, in the event that you seize any intoxicating liquor or utensils, instruments, materials, or property intended for use in violating said National Prohibition Act, to give a copy of this warrant, together with a receipt of the intoxicating liquor or property so seized, to the person from whom it is taken or in whose possession it is found, or, in the absence of any person thereat or therein, or in possession thereof, to leave a copy of this warrant, together with such receipt as aforesaid, in the place where said intoxicating liquor or property is found, and make such disposition of the intoxicating liquor or property so seized under this warrant as is required of you by law.   After the execution of this warrant, you are further commanded to return the warrant to the undersigned, and to deliver to him a written inventory of the intoxicating liquor or property so seized, duly made and verified by you.   Given under my hand and the seal of my office this 2d day of February, A. D. 1923.                         J. Stanley Hurd   [L. S.]
"U. S. Commissioner for the Eastern District of Michigan, Southern Division."

Under this search warrant the premises therein described were searched by a federal prohibition officer during the night of the day on which such warrant was issued, and about 3½ quarts of whisky, about a quart of gin, a one-pint bottle of beer, and a few ounces of whisky and ginger ale were there found, seized, and taken by said officer, who afterwards made due return thereof.

1. The applicable statute, being section 3 of title 11 of the Act of June 15, 1917, commonly known as the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼c), provides that "a search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched." Section 6 (section 10496¼f) then provides for the issuance of a search warrant directing a search of the person or place named therein "for the property specified." It will be noted that the affidavit in question described the property to be seized as "whisky and certain other intoxicating liquors, the exact kind and quantity of the same being at this time to this affiant unknown." The search warrant refers to such affidavit and directs search to be made for "said intoxicating liquor." It has already been held by this court that such a description of intoxicating liquor in a search warrant and in the affidavit therefor is sufficiently definite to comply with the statutory provisions just cited. In re Petition of Barber (D. C.) 281 Fed. 550. There is no claim that the defendant or any other person was misled or otherwise prejudiced by the manner in which the intoxicating liquor seized under this search warrant was therein described, and there is no complaint that anything except such intoxicating liquor was so seized. The statute in question must receive a reasonable construction and must be considered and interpreted in the light of the evils aimed at and the purposes obviously intended by Congress in its enactment. To construe such statute as requiring a more detailed description of the intoxicating liquor which is so often the object of such search and seizure, would not only unduly limit the meaning and effect of the statutory language quoted, but would render the operation and execution of the statute difficult, if not impossible, and thus tend to defeat one of the very objects of this legislation. The contention of defendant in this connection must be overruled.

[2] 2. Section 10 of title 11 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼j), already cited, provides that:

"The judge or commissioner must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night."

It is urged by defendant that the affidavit here involved did not support the direction in the search warrant for its service "at any time of day or night," and that its service in the nighttime was therefore unauthorized and illegal. I cannot agree with this contention. The affidavit contained the following positive statement:

"Deponent further states upon his own knowledge that in and upon the premises aforesaid, * * * occupied as a soft drink stand and cigar store and used for the illegal sale of intoxicating liquors, * * * and particularly at the bar of the building aforesaid, * * * is now a certain quantity of intoxicating liquor fit for beverage purposes, * * * used in connection with the aforesaid violation of the National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]; said intoxicating liquors consisting of whisky and certain other intoxicating liquors."

It is clear that the commissioner was amply justified in inserting, as he did, in the search warrant the direction permitting service thereof

at night. The contention of the defendant to the contrary cannot be sustained.

[3] 3. Section 6 of the same statute (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f) provides for the issuance of a warrant commanding the officer to whom it is directed forthwith to search the person or place named, for the property specified, "and to bring it before the judge or commissioner." Instead of the words just quoted from the statute, the search warrant under consideration here contained directions addressed to the officers to whom the warrant was addressed, as follows:

"You * * * are hereby commanded forthwith to enter the said premises * * * and there to diligently search for said intoxicating liquor * * * and if the same be found that you seize and secure the same and act with same according to law, and that you make return of this warrant to the undersigned within ten days from the date hereof. * * * You are also commanded * * * to * * * make such disposition of the intoxicating liquor * * * so seized under this warrant as is required of you by law. * * * You are further commanded to return the warrant to the undersigned and to deliver to him a written inventory of the intoxicating liquor * * * so seized, duly made and verified by you."

The contention of the defendant in this connection was also urged upon this court in the case of Petition of Barber, supra, and overruled. It was said in the opinion in that case that, while "it would doubtless have been better practice to follow the language of the statute in this respect," yet, for reasons there pointed out by this court, under the circumstances of that case (which are substantially the same as those involved here), "the absence of a literal direction to seize and bring before the proper official the property described is a mere irregularity, in form only, and not a jurisdictional defect, which renders the proceedings void." That language is equally applicable to the case at bar.

[4] 4. The claim presented by defendant in his motion to the effect that the search warrant was not served "by a civil officer of the United States" has not been argued, perhaps for the reason that it has already been considered and disposed of by this court, adversely to the contention of the defendant, in the cases of United States v. Daison (D. C.) 288 Fed. 199, and United States v. Keller (D. C.) 288 Fed. 204. See, also, United States v. Syrek (D. C.) 290 Fed. 820.

It follows that the motion must be denied, and an order will be entered accordingly.