## UNITED STATES v. SANDS et al.

(District Court, W. D. Washington, N. D.
May 3, 1926.)

### No. 10414.

**1. Criminal law ⊗⇒300.**

Plea of not guilty places in issue every material allegation in the indictment.

**2. Criminal law ⊗⇒308.**

Presumption of innocence continues until overcome by evidence.

**3. Criminal law ⊗⇒429(2).**

The indictment is not evidence.

**4. Criminal law ⊗⇒429(2).**

Copies of affidavits and of search warrant attached to the indictment are not proof.

**5. Criminal law ⊗⇒734, 736(1).**

Court on the trial must finally determine as to sufficiency of charge or competency of proof.

**6. Searches and seizures ⊗⇒3.**

There can be no unlawful resistance without a valid search warrant.

**7. Intoxicating liquors ⊗⇒248—Affidavits that affiant saw some one deliver and sell whisky, and receive money therefor two days before, held not to authorize search in nighttime (Act June 15, 1917, § 10 [Comp. St. § 10496¼j]).**

Affidavits, executed November 16, that affiant saw some one deliver and sell intoxicating liquor and receive money therefor on November 14, did not support a search warrant authorizing a search in the nighttime, in view of Act June 15, 1917, § 10 (Comp. St. § 10496¼j).

**8. Searches and seizures ⊗⇒3—Where search warrant described premises as 2310½ Seventh avenue, premises of named parties, and testimony disclosed no such number, and premises near by belonging to others were searched, description and identification were insufficient.**

Where search warrant described premises as 2310½ Seventh avenue, premises of named parties, and testimony disclosed no such number, and the second floor over 2308, 2310, or 2312 was searched, these three numbers being over three separate doors on Seventh avenue, and premises were a private residence, not of the parties named, *held*, premises were not sufficiently described nor identified by proof.

B. A. Sands and another were indicted for an offense, and they move for a dismissal. Motion granted.

Thomas P. Revelle, U. S. Dist. Atty., and C. T. McKinney, Asst. U. S. Dist. Atty., both of Seattle, Wash.

Hugh M. Caldwell and Eimon L. Wienir, both of Seattle, Wash., for defendants.

NETERER, District Judge. At the close of the government's case, the defendants moved a dismissal for failure to show that a search warrant had been issued, and absence of fact showing reasonable ground for search warrant, and that the indictment does not state an offense, in that it does not show that a lawful search warrant had been issued. The court orally granted the motion, and now, for the sake of clarity for the record, files this memo.

[1-5] The plea of not guilty places in issue every material allegation in the indictment. The presumption of innocence continues until overcome by the evidence. The indictment is not evidence. The copies of the affidavits and of the search warrant attached to the indictment are not proof. There is no proof that any affidavit had been filed or search warrant issued. No search warrant nor affidavits in support were offered. The court upon the trial must finally determine as to the sufficiency of the charge or competency of the proof.

[6] The objection to the introduction of evidence at the opening of the trial, because the indictment was insufficient, was overruled, with permission to raise the point at the close of the government's testimony. This court, in U. S. v. Hallowell (D. C.) 271 F. 795, held that there can be no unlawful resistance without a valid search warrant. The Circuit Court of Appeals of the Seventh Circuit in Dovel et al. v. United States, 299 F. 948, reversing a conviction for resisting an officer, at page 949, says:

"An examination of the record shows that the search warrant, the execution of which it is claimed defendants resisted, was not offered in evidence. The commissioner testified that he issued a search warrant, and the prohibition agents testified that they had it in their possession when they met with the resistance. The proper foundation for the introduction of secondary evidence as to its contents was not laid, however, and there was no evidence as to its contents save only the presumptions that arose from its issuance. There was, moreover, an utter absence of evidence showing or tending to show that any affidavit by one qualified to speak was ever made. Upon this affidavit the validity of the warrant was solely dependent. The gist of the action is resistance to one serving a search warrant. *There can be no unlawful resistance, unless there is a valid search warrant,* and there can be no valid search warrant unless a proper showing is made to the court or commissioner disclosing facts which bring the petitioner within the statute."

[7] It may also be said that the copy of application and affidavit for search warrant attached to the indictment are insufficient to authorize search in the nighttime:

"George D. Murray, being first duly sworn on his oath, deposes and says * * * that a crime against the government of the United States, in violation of the National Prohibition Act of Congress, was and is being committed, in this: That in the city of Seattle, county of King, state of Washington, and within the said district of Washington, and division above named, one John Doe Anderson and Mrs. J. Anderson (true names unknown), proprietors and employees, on the 16th day of November, 1925, and thereafter, was and is possessing and selling intoxicating liquor, all for beverage purposes, and that in addition thereto affiant has supporting affidavit of H. Thompson therein, all on the premises described as 2310½ Seventh avenue. * * * "

The supporting affidavit reads:

"H. Thompson, being first duly sworn, on his oath deposes and says that on or about the 14th day of November, 1925, at No. 2310½ Seventh avenue, in the city of Seattle, county of King, state of Washington, affiant saw proprietors and employees furnish, deliver, and sell intoxicating liquor, to wit, moonshine whisky (D. S.), and receive money therefor."

This was subscribed and sworn to on the 16th of November, 1925.

[8] The execution of the search warrant was authorized in the daytime or nighttime, at 2310½ Seventh avenue, premises of John Doe Anderson and Mrs. J. Anderson. The testimony did not disclose any No. 2310½. The second floor over 2308, or 2310, or 2312 was searched—these three numbers being over three separate doors on Seventh avenue. The premises searched were a private residence—not of John Doe Anderson or Mrs. J. Anderson—and search was made at 11 o'clock in the nighttime. Section 10, Act June 15, 1917, 40 Stat. 229 (section 10496¼j, Comp. St.), provides:

"The * * * commissioner must insert a direction in the warrant that it be served in the day time, *unless the affidavits* are *positive* that the *property is on the person* or in the *place to be searched,* in which case he may insert a direction that it be served" in the day or *night time.*

Or, as stated by the Circuit Court of Appeals in Siden v. United States, 9 F.(2d) 241, at page 243:

"If the affidavits on which the search warrant was based had disclosed the fact that this clothing store was a place where substantial quantities of intoxicating liquors, apparently for sale, were kept, or a place where a saloon or place of sale of intoxicants had been or was maintained, and where several sales had been made by the defendant, the commissioner's finding of probable cause might possibly have been sustained."

In Hagen v. United States, 4 F.(2d) 801, the affidavit for a search warrant stated that:

"One 'Ed Hagen and employees, on the 20th of February, 1923, and thereafter, was, has been, and is possessing and selling intoxicating liquor, all for beverage purposes, on the premises used, operated, and occupied in connection therewith, * * * all of said premises being occupied or under the control of Ed Hagen and employees, in violation of the statute,' " etc.

This court held the affidavit insufficient to support a search, but did, on trial, admit certain evidence as competent without search warrant support. On appeal the case was not presented by the government to the Circuit Court of Appeals upon the theory upon which it was tried, and the court determined it upon the sufficiency of the search, and said at page 802:

"We hold that the affidavit upon which the search warrant was issued was insufficient to support the issuance of the warrant. Not a fact was set forth which tended to establish the ground of the application for the warrant, or which tended to show probable cause for believing that the grounds for the application existed. Not even a circumstance was stated which would tend to show that the house was being used by Hagen for the unlawful sale of intoxicating liquor."

The Circuit Court of Appeals of this Circuit, in Lochnane et al. v. United States, 2 F.(2d) 427, at page 428, says:

"We are of opinion that the mere sworn general statements that a proprietor of a hotel at a certain place is unlawfully possessed of intoxicating liquor for beverage purposes, or is transporting or selling the same, is not sufficient to warrant a judicial finding of probable cause for the issuance of a search warrant which directs a search of the hotel named."

Again, on the same page:

"It should have affirmatively appeared that he had personal knowledge of facts competent for a jury to consider, and the facts, and not his conclusion from the facts, should have been before the commissioner."

In United States v. Edwards (D. C.) 296 F. 512, at page 515, Judge Tuttle held sufficient an affidavit as follows:

"Deponent further states upon his own knowledge that in and upon the premises aforesaid, * * * occupied as a soft drink stand and cigar store, and used for the illegal sale of intoxicating liquors, * * * and

particularly at the bar of the building aforesaid, * * * is now a certain quantity of intoxicating liquor fit for beverage purposes, * * * used in connection with the aforesaid violation of the National Prohibition Act; * * * said intoxicating liquors consisting of whisky and certain other intoxicating liquors."

The Circuit Court of Appeals of this circuit, in affirming this court in sustaining a search warrant in the case of Riley Fry et al. v. United States, 9 F.(2d) 38, says:

"Affidavit for the search warrant was made by a federal prohibition agent, who set forth that one Riley Fry, Ernest Brown, and John Doe Kelley, and others unknown, 'proprietors, and their employees, on the 15th of May, 1924, and thereafter, was and is possessing, transporting, and selling intoxicating liquor, all for beverage purposes; that in addition thereto affiant was told on said date by one of the proprietors that they had liquor for sale and would sell this affiant, if he was properly introduced; that on previous occasions this affiant has seen drunken men come from said premises, has heard drinking and carousing in rooms 14 and 15, and has seen parties enter said premises without liquor and return with liquor, all on the premises described as 1203½ First avenue, Seattle, Wash., and on the premises used, operated, and occupied in connection therewith and under control and occupancy of said above parties. * * * ' "

The court then, on page 39, says:

"We are of the opinion that the affidavit contained sufficient statements of evidentiary facts tending to show that defendants illegally possessed liquor. The statement by one of the proprietors of the described place to affiant that they had liquor for sale, and that he would sell to affiant if he were properly introduced, implies that the persons named kept some kind of a resort where they would sell liquor to one to whom they could sell without fear of prosecution. Further statement that affiant heard carousing in rooms 14 and 15 of the premises, coupled with the statement that affiant had seen persons enter the premises without liquor and return with liquor, impelled the belief that liquor was unlawfully possessed in the premises described."

The court further says:

"Further objection is based upon the fact that the warrant was executed at night, without positive showing in the affidavit that the liquor was then on the premises to be searched. Answer to the point is that the affidavit of the prohibition agent was positive that one of the defendants stated they had liquor for sale, and that liquor was possessed by defendants in the place to be searched."

The most that can be said for the affidavits in this case is that Thompson saw some one deliver and sell intoxicating liquor, to wit, moonshine whisky (D. S.), and receive money therefor, on the 14th day of November. This statement, as said by the appellate court (Siden v. U. S., supra, at page 243), literally and logically is that liquor he saw sold and delivered on the 14th "was and continued to be kept for sale on those premises" on the 16th. There is not a scintilla of evidence which gives to the place any other relation than a private dwelling, or any suggestion of a fact that there was other liquor on the place on the 14th of November than that which was sold; nothing to intimate a fact of the presence of liquor on the 16th of November, nor to any circumstances or prior relation that would bring the search warrant within the meaning of section 10496¼j, Comp. St., supra, or the holding of this court, affirmed by the Circuit Court of Appeals in U. S. v. Riley Fry (9 F.[2d] 38).

I have referred to several matters to elucidate and clarify the several issues, although not necessary to a determination of this motion. The motion is granted, first, because there is no evidence that any search warrant was issued, nor was a search warrant or affidavits in support of the search warrant offered in evidence; second, because the copy of the affidavits attached to the indictment does not set forth facts to support a search warrant authorizing a search of the premises in the nighttime; third, the premises searched were not described with sufficient particularity, or identified by the proof.