## WEEKE v. UNITED STATES. *

(Circuit Court of Appeals, Eighth Circuit. August 2, 1926.)

No. 7101.

**1. Criminal law ⬛➡742(1).**

Credibility of testimony of prohibition agents as to search of accused's premises and his attempt to prevent search *held* for jury.

**2. Conspiracy ⬛➡47—Internal revenue ⬛➡47(5).**

Evidence *held* to warrant conviction for operating distillery and defrauding government of tax on spirits, in violation of Rev. St. §§ 3242, 3257, 3258, 3281, 3450, and of conspiracy, in violation of Pen. Code, § 37 (Comp. St. §§ 5965, 5993, 5994, 6021, 6352, 10201).

**3. Criminal law ⬛➡1159(3).**

Circuit Court of Appeals will not substitute its judgment on conflicting evidence for that of jury on issues of fact.

*Rehearing denied October 27, 1926.

**4. Criminal law ⬛➡394—Intoxicating liquors ⬛➡248—Where affidavit alleged that affiant saw whisky served and affidavit and search warrant definitely described premises and things to be searched for, search and seizure thereunder held valid.**

Where affidavit alleged that affiant had seen whisky served on accused's premises, and affidavit and search warrant definitely described premises and things to be searched for and seized, contention that search warrant was invalid and that evidence obtained should have been suppressed was without merit.

**5. Intoxicating liquors ⬛➡247.**

Prohibition agents, who, after entering accused's premises without trespass, clearly noticed fumes from distillation of mash, *held* justified in seizing instrumentalities with which crime was being committed.

In Error to the District Court of the United States for the Eastern District of Missouri; Arba S. Van Valkenburgh, Judge.

Frank Weeke was convicted of violating the revenue laws of the United States and of conspiracy, and he brings error. Affirmed.

Walter A. Hill (Edward E. Butler, of St. Louis, Mo., on the brief), for plaintiff in error.

C. J. Stattler, Asst. U. S. Atty., of St. Louis, Mo. (L. H. Breuer, U. S. Atty., of Rolla, Mo., and A. A. Hapke, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before LEWIS, Circuit Judge, and TRIEBER and KENNAMER, District Judges.

KENNAMER, District Judge. Plaintiff in error, Frank Weeke, together with John Ryan and Rudolph Sefert, were charged in an indictment with violations of certain sections of the revenue laws of the United States, and with a conspiracy, in violation of section 37 of the Penal Code (Comp. St. § 10201). The indictment contained a number of counts, the first of which charged the defendants with being engaged in the business of operating a distillery without the giving of a bond, in violation of sections 3242 and 3281 of the Revised Statutes (Comp. St. §§ 5965, 6021). Count 2 charged the defendants with having carried on the business of a distillery and with defrauding the government of the federal tax on 650 gallons of distilled spirits, in violation of section 3257 of the Revised Statutes (Comp. St. § 5993); count 3, with having fermented 20,000 gallons of mash fit and intended for unlawful distillation and production of distilled spirits; count 4, with depositing and concealing 650 gallons of distilled spirits with intent to defraud, in violation

of section 3450 of the Revised Statutes (Comp. St. § 6352); count 5, with having in possession two set-up stills without having registered such stills with the collector of internal revenue, in violation of section 3258 of the Revised Statutes (Comp. St. § 5994). The indictment contained other counts, which are not before this court for consideration.

Upon the trial of the case the government dismissed all of the counts against the defendant Sefert, and certain counts against the other two defendants, which will not be considered. At the conclusion of the introduction of all of the evidence in the case, a demurrer was interposed and sustained by the court as to the defendant Ryan, but the case based upon the first five counts against the defendant Weeke was submitted to the jury. A verdict of guilty of all the charges contained in the five counts of the indictment was returned against the defendant Weeke, and he was duly sentenced by the trial court to imprisonment in a federal penitentiary and to pay certain fines. A writ of error was allowed the defendant, and this appeal is prosecuted to reverse the judgment of the trial court.

The material facts disclosed by the record necessary to be considered in determining the questions presented by the assignments of error may be summarized as follows: James Hazenstab, a federal prohibition agent in St. Louis, applied to the United States commissioner for a search warrant on October 15, 1923, by filing with the commissioner his affidavit, containing, among other things, a very accurate description of the premises to be searched, as to the kind and type of buildings, the street and number at which the premises were located, the purposes for which the premises were used, the things for which the premises were to be searched, and what was expected to be seized in the search and raid. The affidavit further stated that liquors were unlawfully kept and possessed and sold in violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.) at the premises described, and that the affiant personally saw whisky served in the said premises on a definite date. Upon the filing of the affidavit, the commissioner issued a search warrant, directed to James G. Hazenstab and other federal prohibition agents, directing them to search the premises described in the affidavit, which was executed on the very day it was issued. The premises described in the affidavit and in the search warrant were occupied by the defendant Weeke in conducting a butcher shop and grocery store, and upon entering the premises one of the agents properly served the warrant on the defendant Weeke.

The federal agents were requested by Weeke to wait until he could communicate with certain parties before they commenced the search of the premises, and he then inquired of the agents if they would desist from making the search for a consideration of $100. The testimony of the agents was that Weeke finally offered $1,000, which was refused, and the search was made. In the rear room there was found 20,000 gallons of mash in two vats, a still set up for operation near the mash vats, five barrels of whisky, a large number of empty whisky barrels, a large number of sacks of corn sugar, a steam boiler, and a still of 800-gallon capacity underneath the floor. A certain quantity of alcohol was found in the basement underneath the premises, and in the basement of the adjoining building there were eight barrels of whisky, as well as some bottles, glasses, etc. It is admitted that the defendant Weeke is the owner of the premises in question, but he testified that he had nothing to do with the stills or the whisky, that he had rented the premises prior to the raid, and that he had no knowledge of the liquor or stills.

[1, 2] The first alleged error presented by the defendant for reversal is that the trial court erred in refusing to sustain the defendant's motion, which was in the nature of a demurrer to the evidence offered at the close of the government's case, and at the close of the evidence in the entire case for a directed verdict acquitting the defendant. It is insisted that the only evidence submitted by the government to prove possession and manufacture of distilled liquor against the defendant Weeke was the alleged conversation engaged in by Weeke and the prohibition agents relative to the payment by Weeke of a bribe to the agents to induce them not to make the search, which took place at the time of the service of the search warrant. We find no merit in this contention. A careful examination of the record discloses that the evidence amply supports the verdict of the jury. In addition to the evidence of the offer of a bribe, the evidence shows that the defendant Weeke was present on the premises occupied as a butcher shop and grocery store, at the time of the service of the search warrant, and that he was the owner of the entire premises. If the evidence of the agents as to the attempt to prevent a search be true, and their credibility was for the jury, his statements and conduct are inconsistent with any other reasonable explanation than that he was interested in the unlawful manufacture of intoxicating liquors on the premises searched. The explanation of the defendant Weeke that

he had rented the premises was presented to the jury, and by their verdict that issue was determined against him.

[3] Much reliance has been placed upon the case of Ezzard v. United States (8th C. C. A.) 7 F.(2d) 808, but an examination of the case convinces us that it does not support the contention urged. In the Ezzard Case the defendant was apparently transporting a trunk containing narcotics, but there was evidence to the effect that he was transporting the trunk as a favor to a woman who was some distance from the railway station. The only evidence introduced against the defendant Ezzard was that he had the trunk in his custody, which contained the narcotics. His testimony that he knew nothing about the contents of the trunk was corroborated by other facts in the case. For a conviction in such a case, the jury was required to indulge in many presumptions. The evidence in the instant case clearly sustains the verdict of the jury, without an indulgence in any presumptions. Where the evidence is conflicting, this court will not substitute its judgment for that of the jury on issues of fact. Assaid v. United States (4th C. C. A.) 10 F.(2d) 752.

[4] It is next urged that the search warrant upon which the premises were searched was not valid, and that the evidence obtained thereby should have been suppressed. In support of this contention it is argued that the statements contained in the affidavit to obtain the search warrant were in effect only legal conclusions. We are of the opinion that this contention is untenable. The affidavit filed with the commissioner very clearly stated that the affiant had seen whisky served on the premises. The affidavit and search warrant described the place to be searched very definitely, and the things to be searched for and seized. This constituted a sufficient compliance with the applicable statutory law. John F. Steele v. United States, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761; Gandreau v. United States (C. C. A. 1st) 300 F. 21; Barrett v. United States (C. C. A. 6th) 4 F. (2d) 317; In re Hollywood Cabaret (C. C. A. 2) 5 F.(2d) 651; United States v. Edwards (D. C.) 296 F. 512.

[5] The evidence in this case establishes that the officers, upon entering the premises, observed the commission of a crime, by the use of their senses. Thus, having entered without committing a trespass, the agents were justified in seizing the instrumentalities with which such crime was being committed. The government witnesses testified that the fumes from the distillation of the mash were clearly discernible upon entering the premises. It has been held that a search and seizure or an arrest without a warrant is justified when the officer has direct knowledge, through his hearing, sight, or other senses, of the commission of a crime. Garske v. United States (C. C. A. 8th) 1 F.(2d) 620; Agnello v. United States (C. C. A. 2d) 290 F. 671.

It is unnecessary to consider the other assignments of error, for they are completely disposed of by the conclusions reached herein.

The judgment of the trial court is affirmed.