<hr/>

## UNITED STATES v. KAPLAN et al.

(District Court, D. Massachusetts. December 16, 1926.)

No. 6975.

Intoxicating liquors ⬥⇒249—Description of property to be searched for in search warrant issued under National Prohibition Act held sufficient (National Prohibition Act, tit. 2, § 25 [Comp. St. § 10138½m]; Espionage Act, tit. 11, § 3 [Comp. St. § 10496¼c]; Const. Amend. 4).

In a search warrant issued under National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m), description of the articles to be searched for as "certain intoxicating liquor, containers for the same and property used in the manufacture of intoxicating liquor" held sufficiently specific to comply with the requirements of Const. Amend. 4, and Espionage Act, tit. 11, § 3 (Comp. St. § 10496¼c).

Criminal prosecution by the United States against Benjamin Kaplan and others. On motion by defendants to suppress evidence. Denied.

John V. Spalding, Asst. U. S. Atty., of Boston, Mass.

Daniel A. Shea, of Boston, Mass., for defendants.

BREWSTER, District Judge. There is presented to this court before trial a motion to suppress evidence secured by federal prohibition agents, who searched defendants' premises and there seized a quantity of beer and distilled spirits, a still, and other property used in the manufacture of intoxicating liquors.

The search and seizure were made upon a federal search warrant, the validity of which is attacked on the sole ground that the warrant failed to describe with sufficient particularity the property to be searched for.

The warrant, in effect, directed the officer to search for and seize "certain intoxicating liquor, containers for the same, and property used in the manufacture of intoxicating liquor."

There is nothing in the affidavit incorporated in the search warrant, and upon which it was issued, which indicated the kind of intoxicating liquors or the character of the property, except that the affiant had detected odors of alcohol coming from the premises described in the writ and had seen barrels of mash on the platform thereof. There was nothing to suggest the quantity of intoxicating liquors believed to be on the premises.

The defendants contend that the warrant fails to comply with the requirements of the Fourth Amendment to the Constitution and of section 3 of title 11 of the Espionage Act (Act of June 15, 1917, 40 Stat. 228 [Comp. St. § 10496¼c]), in that it does not particularly describe the property to be seized.

We are dealing with a case where there is no attempt to describe any particular thing to be seized, but the direction to the officer in this respect comprehends all property which may be found which falls within any one of three classes of property, namely: (1) Intoxicating liquors; (2) containers therefor; (3) property designed for the manufacture of intoxicating liquors.

The question, therefore, is squarely presented, whether the Constitution or the acts of Congress require the magistrate to insert in the warrant a more particular description of the thing to be seized.

This question is more easily stated than answered. The early history of the right to search and seize under warrants would seem to indicate that something more was demanded than mere classification of the things to be seized. Respecting the common-law right of search and seizure for stolen goods, Lord Camden, in his famous decision in the case of Entick v. Carrington, 10 Howell St. Tr. 1029, made this observation:

"Searching for stolen goods crept into the law by imperceptible practice. * * * Observe, too, the caution with which the law proceeds in this singular case. There must be a full charge upon oath of a theft committed. The owner must swear that the goods are lodged in such a place. He must attend the execution of the warrant, to show them to the officer, who must see that they answer the description. * * * *"

It is interesting to note how closely both federal and state governments, in their desire to secure the individual against the tyranny of unreasonable search and seizure, followed this ancient rule of the common law by requiring all processes for search and seizure to be issued only (1) on probable cause; (2) on oath; and (3) with particular description of the place to be searched and of the property to be seized. Fourth Amendment to the United States Constitution; Massachusetts Declaration of Rights, art. 14.

It has been intimated in the courts that the great statesmen who drafted and advocated these constitutional safeguards were not unmindful of Lord Camden's opinion which has been characterized as "one of the landmarks of English liberty." Mr. Justice Bradley in Boyd v. U. S., 116 U. S. 616, 626, 6 S. Ct. 524, 29 L. Ed. 746; Chief Justice Shaw in Fisher v. McGirr, 1 Gray (Mass.) 1, 29, 61 Am. Dec. 381.

The same safeguards have always been incorporated into congressional acts authorizing the issue of search warrants. Section 3, tit. 11, Act June 15, 1917 (40 Stat. 228 [Comp. St. § 10496¼c]).

While the courts in more than one instance have taken occasion to point to the importance of preserving in their full vigor these constitutional criteria for a reasonable search and seizure, it is possible to detect in judicial pronouncements a tendency to lessen the requirement of particularity both as to place to be searched and property to be seized. Especially is this trend noticeable in cases arising since the Eighteenth Amendment was adopted.

When we contemplate that a warrant commanding the seizure of "cases of whisky" is "quite specific enough," and authorized a seizure of not only "cases of whisky," but kegs, jugs, barrels, and bottles of whisky, cases of gin and of alcohol, and a corking machine (Steele v. U. S., 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757), it is apparent that we have drifted a long way from the earlier conception of what was necessary to identify the thing to be searched for and seized which obtained in Lord Camden's time. See, also,

U. S. v. Old Dominion Warehouse, Inc. (C. C. A.) 10 F.(2d) 736.

The field within which the right to search and seize may be lawfully exercised has been extended by statute until now it has become a well-recognized instrument in the hands of the government to prevent violation of law, to gain possession of instruments of crime and other outlawed contraband, to possess property liable to forfeiture, and even to take possession of articles and things which it is unlawful for one to have in his possession for purposes of disposition. Boyd v. U. S., supra; In re No. 191 Front Street (C. C. A.) 5 F.(2d) 282; U. S. v. Snow (D. C.) 9 F.(2d) 978.

As the uses for the warrant multiplied, the difficulty of providing detailed specifications respecting the object of the search would necessarily increase. Inevitably one of the results would be a tendency toward generalization in the description of the property to be brought within the custody of the law. And it may be that something along that line ought to be conceded (U. S. v. Snow, supra), and could be well granted without undue encroachment upon the constitutional rights of one who is, with reason, suspected of violating the law. In many cases the violation is obvious.

In the case at bar, the warrant was issued under the authority of section 25 of title 2 of the National Prohibition Act (41 Stat. 305 [Comp. St. § 10138½m]), the provisions of which obviously were designed to enable officers charged with the duty of enforcing the act to take possession, for purposes of forfeiture, of liquor and property designed for the manufacture of liquor, all of which was declared to be contraband, if intended for use in violation of the act, and all of which, if lawfully seized, was subject to forfeiture. Section 33 of title 2 of the Act (Comp. St. § 10138½t) creates a statutory presumption that intoxicating liquor now possessed is possessed for the purpose of being used in violation of the provisions of the law.

The warrant under consideration directed a search to be made in a building other than a dwelling house, and the magistrate would be fully justified in indulging the presumption that intoxicating liquors possessed in these premises were unlawfully possessed. That being so, his direction to search for and seize intoxicating liquors and containers, and property used in the manufacture of intoxicating liquors, was no more than a direction to seize forfeited outlawed property found in the possession of the defendants.

It is obvious that in this case it was difficult for the parties who obtained the warrant, or the magistrate who issued it, to furnish a more detailed and specific description of this outlawed property, and, as it gave the officer executing no discretion to seize property which the defendants had a right to retain, it can no more be said in this case than in the Steele Case that the constitutional rights of the defendants were invaded by this general description of the property to be searched for. See concurring opinion of Judge Hough in United States v. Old Dominion Warehouse, Inc., supra.

The defendants have earnestly urged upon the attention of the court the case of Fisher v. McGirr et al., supra, involving the validity of a search and seizure upon a warrant issued under a Massachusetts statute. Acts 1852, c. 322. The warrant directed the search for and seizure of spirituous or intoxicating liquors on the premises of the defendants. The Fourteenth article of the Massachusetts Bill of Rights contained provisions invalidating a search warrant if "it be not accompanied by a special designation of the persons or objects of search, seizure or arrest." The learned Chief Justice found the statute, by virtue of which the warrant had been issued, to be unconstitutional on several grounds, but in the course of his opinion he intimates that the property to be searched for and seized was not set forth with that degree of particularity required by the Bill of Rights. If there is a real conflict between the decisions of this commonwealth and those of the federal court, of course the latter must control this court in rendering its decision on the question now under consideration; but I think it is possible to distinguish the case of Fisher v. McGirr, supra, for the reason that the law which the officer executing the warrant was seeking to enforce did not in all cases render it unlawful to possess liquor. It was only when the possession was for the purpose of sale that it met with the condemnation of the statute. The Chief Justice points out that under the directions of the warrant it was discretionary with the officer to determine what was unlawfully possessed and what was lawfully possessed, and that his act of seizing and bringing it into the custody of the law was a determination respecting the validity of the possession.

Such a situation does not arise in the case at bar. The National Prohibition Act goes much farther than the Massachusetts statute in condemning the act of possessing intoxicating liquor and property designed for the manufacture thereof.

I am of the opinion that I do not do violence to the Fourth Amendment or to the Espionage Act by holding that the description of the property to be seized as "certain intoxicating liquor, containers for the same, and property used in the manufacture of intoxicating liquor" satisfied both the Constitution and the law. I think the contrary view would be out of step with the modern trend of the authorities, so far as they have dealt with the validity of search warrants. In a case where the warrant directed the officer to search for and seize "certain liquors" in the possession of the defendants, "a more particular description of which was unknown," the warrant was upheld. Sutton v. U. S. (C. C. A.) 289 F. 488.

Defendants' motion is denied.