UNITED STATES v. BARBINI et al.

District Court, N. D. California, S. D. June 21, 1928.

No. 19360.

Intoxicating liquors ⊜⟂248—Affidavit alleging affiant purchased highballs on premises, for which he paid party described, furnished probable cause for day and night warrant.

Affidavit for search warrant, stating as conclusion that liquor was sold on premises described, and that affiant purchased in the above-named premises "eight Scotch highballs, for which he paid 50 cents each to John Doe, waiter," describing him, held to furnish probable cause for day and night warrant issued within one day of the alleged sale.

Antino Barbini and others were charged with violation of the National Prohibition Act. On the named defendant's motion to suppress evidence. Motion denied.

George J. Hatfield, U. S. Atty., and Paul B. Gibson, Asst. U. S. Atty., both of San Francisco, Cal.

Frank J. Hennessy, of San Francisco, Cal., for defendants.

LOUDERBACK, District Judge. This matter arises on motion to suppress evidence, it being contended by the defendants that the search warrant issued in this matter was a day or nighttime search warrant and was issued without probable cause. The contention is that the affidavit upon which the warrant was based is insufficient.

The law requires a positive assertion as to the presence of intoxicating liquor within the premises to be searched. Espionage Act, 40 U. S. Stat. at Large, 228, tit. 11, § 10 (U. S. Compiled Stat. 1918, 1919, Supp. p. 2396 [18 USCA § 620]), provides:

"The judge or commissioner must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night."

The affidavit in the search warrant under consideration meets this requirement by the following clause:

"That in and upon the aforesaid premises and place and on or about the 18th day of March, 1928, intoxicating liquor as defined by section 1 of title 11 of the Act of October 28, 1919, known as the National Prohibition Act, containing one-half of one per centum or more of alcohol by volume and fit for use for beverage purposes, was then and there and now are kept, sold, possessed, and bartered intoxicating liquor in violation of title 11 of the said National Prohibition Act, and particularly in violation of sections 3 and 21 of said title 11."

It is to be recognized that these statements, though positive, are the conclusions of the pleader and must be supported with the statements which show the basis of the knowledge. The affidavit of this warrant, which reads as follows:

"That on or about the 18th day of March, 1928, affiant purchased in the above-named premises, eight Scotch highballs, for which he paid 50 cents each, to John Doe, waiter, Italian, about 38 years of age, about 5 feet 7 inches in height and about 155 pounds in weight, dark hair, smooth shaven"—does set forth and show the probable cause for the belief that intoxicating liquor, in violation of the law, was to be found upon the premises. While not drawn with a great nicety, to show what conclusions are based upon the statements as to sale, the statements indicate a basis for the belief that there were intoxicating liquors on the premises.

This warrant was issued within one day of the alleged sales, and it is the belief of the court that under these circumstances there was probable cause for the issuance of the day or night warrant. U. S. v. Edwards (D. C.) 296 F. 512.