## UNITED STATES v. GHIORSI.

District Court, N. D. California, S. D.   March 8, 1929.

No. 20531K.

George J. Hatfield, U. S. Atty., and L. E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal.

Harold C. Faulkner, of San Francisco, Cal., for defendant.

KERRIGAN, District Judge.  This is a motion to quash a search warrant and exclude evidence.  The warrant in question authorizes a nighttime search, and the search was in fact made at night.  The objection made is that the affidavit in support of the warrant is not positive in its statement that the property to be searched for was at the place to be searched at the time of the issuance of the search warrant.  The material portion of the affidavit is as follows:

"That in and upon said premises, on or about the 16th day of January, 1929, a crime against the government of the United States of America, in violation of the National Prohibition Act and in violation of the internal revenue laws relating to the manufacture, sale, transportation, control, and taxation of intoxicating liquors, was and now is being committed, in this: That Jane Doe, described as follows: Black mark on right lower lip; plain old style wedding ring on finger; Italian, about 32 years of age, about 5 feet 4 inches in height, and about 130 pounds in weight—on or about said day on said premises and thereafter and now is keeping, selling, possessing, bartering, and/or transporting intoxicating liquor, all for beverage purposes, and the containers therefor, without paying the taxes due the United States, and that said person is in possession on said premises of papers and documents relating to said acts; and affiant states that he knows the foregoing to be true because, on the 16th day of January, 1929, he purchased in the above-named premises, one gallon of wine, for which he paid the sum of $3.00, to the above-described Jane Doe."

This affidavit was made and the search warrant issued on January 17, 1929; i. e., within 24 hours after the affiant had made a purchase of wine in the premises.  Ordinarily, economy of statement in legal documents, including affidavits, is commendable.  In affidavits made to support search warrants, however, the task of the court is not made easier by the omission of details as to the circumstances relied upon as establishing probable cause for the issuance of a warrant.  This comment is made merely by way of suggestion as to future affidavits, as I believe, despite its economy of detail, that this affidavit is sufficiently positive in its statement as to the presence of liquor in violation of law on the premises at the time of issuance of the warrant.

I am aware that the reasoning of the opinion in U. S. v. Sands (D. C.) 14 F.(2d) 670, 672, would support an opposite conclusion, on the ground that a statement that liquor had been sold and removed from the premises does not show that there is other liquor remaining.  The grounds upon which this warrant is to be sustained, however, appear from the discussion in Re Hollywood Cabaret (C. C. A.) 5 F.(2d) 652; Fry v. U. S. (C. C. A.) 9 F.(2d) 38; Maynard v. U. S., 23 F.(2d) 141, 57 App. D. C. 314; U. S. v. Edwards (D. C.) 296 F. 512.  An affidavit reciting the fact of a single previous sale as a support to the positive averment that liquor was present on the premises to be searched was sustained in Jacobs v. U. S., 58 App. D. C. 62, 24 F.(2d) 890, as authorizing a nighttime search.  The affidavit in the present case approximates the one held sufficient in the case last cited.  I am further constrained to adopt this view by the opinion of Judge Louderback in U. S. v. Barbini (D. C.) 26 F.(2d) 237, sustaining the validity of a similar warrant based upon an affidavit containing a positive statement as to the presence of liquor on the premises, supported by a recital of sale of liquor on the premises within 24 hours prior to the issuance of the warrant.

The motion to quash the search warrant and to exclude the evidence is denied.