PEOPLE v. WITTLER.

1. Intoxicating Liquors—Searches and Seizures—Sufficiency of Warrant—Description.

A warrant authorizing search of a certain building occupied by several tenants is not objectionable for indefiniteness in that it permits search of premises occupied by tenants not connected by affidavit with violating liquor law, where it is made definite by adding that premises to be searched are occupied by certain named individuals as a store, thus leaving nothing to discretion of officer as to particular place to be searched.

2. Same—Sufficiency of Affidavit—Hearsay.

Statement in affidavit for search warrant that certain person had no liquor when he went into house to be searched, but had pint of moonshine whisky when he came out, is sufficient showing to authorize issuance of warrant, notwithstanding affidavit contained other statements based on hearsay.

3. Same—Valid Warrant Not Invalidated by Manner of Execution.

Manner of execution of search warrant may affect validity of search, but cannot invalidate valid warrant, since there may be invalid search under valid warrant.

4. Same—Search in Daytime—Directory Provision.

Section 3, chap. 16, Act No. 175, Pub. Acts 1927, providing that search warrant should command search in daytime is directory merely and not essential to validity, although its omission is bad practice, which should not be indulged in.

5. Same—Warrant Omitting Command to Search in Daytime Valid—Execution Valid if Not Made at Night.

Search in daytime being made general rule under section 3, chap. 16, Act No. 175, Pub. Acts 1927, search at night is exception authorized only by special showing (section 4), and therefore search warrant omitting command that search be made in daytime is valid, and search thereunder is valid if made at any time except at night.

Error to Marquette, Bell (Frank A.), J. Submitted June 13, 1929. (Docket No. 128, Calendar No. 34,104.) Decided September 4, 1929.

Carl F. Wittler was convicted of having liquor in his possession unlawfully. Affirmed.

*Leon E. Garvin,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Clarence E. Lott,* Prosecuting Attorney, for the people.

McDONALD, J. The defendant was convicted on a charge of the unlawful possession of intoxicating liquor. Evidence to sustain the conviction was obtained by virtue of a search warrant. At the examination before the magistrate and again in the circuit court, a motion was made to suppress the evidence on the ground that the description of the premises in the affidavit and warrant was not sufficiently definite, that the affidavit upon which the warrant was based was not sufficient in law and was false in fact, and that the warrant did not command the officer to make search in the daytime. The refusal of the court to suppress the evidence presents the only question for our consideration.

The premises were described in the affidavit as follows:

"The entire building situated, known and numbered as No. 216 South Front Street, in the City of Marquette, County of Marquette, State of Michigan, which said premises are occupied by one Carl Wittler and Carl Wittler, Jr. as a (1) store, etc."

The warrant commands the officer to search:

"The said above described premises known as (1) No. 216 South Front Street in the City of Mar-

quette, County of Marquette and State of Michigan, occupied by Carl Wittler and Carl Wittler, Jr.''

It is undisputed that in addition to the Wittlers there were various other tenants occupying the building known as 216 South Front street. Because of that fact, the defendant contends the description in the warrant is too broad in that it permits a search of different premises occupied by different persons. If the defendant were right in this contention, we would hold the warrant to be invalid, for there is nothing in the affidavit to connect any other tenant with the possession of liquor. But we do not understand the language of the warrant to authorize the search of any premises other than those occupied by Carl Wittler and Carl Wittler, Jr.` The general description is modified and made specific by adding ''which said premises are occupied by one Carl Wittler and Carl Wittler, Jr., as a (1) store.'' It would seem from the description that an officer would have no difficulty in determining the particular premises to be searched. It was the store premises of Carl Wittler and Carl Wittler, Jr., at 216 South Front street, a definitely ascertainable place. Nothing was left to the discretion of the officer as to the particular place to be searched. It confined his search to that part of the building occupied by the Wittlers as a store. We think it was sufficiently specific.

The affidavit for the search warrant stated the following as grounds for believing that intoxicating liquor was possessed on the premises:

''On the 7th day of March, 1928, this affiant saw one Lloyd King enter said building; that affiant knows that said Lloyd King had no whisky when he entered said building; that said Lloyd King soon

came out of said building with one pint of moonshine whisky, which he said he bought of Carl Wittler, Jr., and paid $1.50 cash therefor."

It is claimed that this affidavit was not sufficient on its face to justify the court in finding probable cause. In his brief the defendant says:

"It is defendant's contention that the statement above referred to being clearly hearsay and clearly not within the knowledge of affiant, the statement should be stricken from the affidavit * * * and with that statement stricken the affidavit is then totally defective and on its face would not justify the justice in finding that probable cause existed for the issuance of a search warrant."

Eliminating the hearsay portion of the affidavit, there is left the statement that King had no liquor when he went in but had a pint when he came out. This was a sufficient showing under authority of *People* v. *Starkweather,* 224 Mich. 137.

It is further contended that the warrant was invalid because it did not expressly command the search to be made in the daytime.

Section 3 of chapter 16 of the criminal code, Act No. 175, Pub. Acts 1927, in providing for the form of a search warrant, states among other requirements, that it should command a search in the daytime. Section 4 provides the manner in which a warrant may be issued authorizing a search in the nighttime. The search warrant in this case contains all the essentials of a warrant to search in the daytime. The particular time in which it shall be executed is not an essential requirement to the validity of the warrant. This search would be legal if made at any time except at night. Search in the daytime is the general rule, made so by section 3 of the stat-

ute. Search at night is an exception, authorized only by special showing; and, being an exception, it must be expressly commanded in the warrant. It was the evident purpose of the legislature to require all search warrants, except in exceptional cases, to be served in the daytime and so it was provided that such warrants should contain a command to the officer to search in the daytime. The command is as to the manner of the execution. The manner of the execution may affect the validity of the search, but cannot invalidate a valid warrant. There may be an invalid search under a valid warrant. In this case, search was made in the daytime. Under the form of the warrant it could not have been made at any other time. We think the provision of the statute which provides that the warrant shall command a search in the daytime is merely directory, and not essential to its validity. However, its omission from the warrant is bad practice, and should not be indulged in.

The trial court did not err in denying the defendant's motion to suppress the evidence obtained under the warrant. The judgment of conviction is affirmed.

North, C. J., and Fead, Wiest, Clark, Potter, and Sharpe, JJ., concurred. The late Justice Fellows took no part in this decision.