## JOHNSON v. UNITED STATES.
### No. 5712.

Circuit Court of Appeals, Sixth Circuit.
Jan. 6, 1931.

**8**

Edward W. Massie, of Ironwood, Mich. (B. H. T. Burritt, of Hancock, Mich., on the brief), for appellant.

John Jones, of Ironwood, Mich. (Fred C. Wetmore, of Cadillac, Mich., on the brief), for the United States.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Prosecution and conviction under the National Prohibition Act. Appellant contends that the court below erred in denying the application to suppress certain evidence, which it is claimed was secured upon a defective search warrant, and in overruling appellant's objections to such evidence when it was offered at the trial. The search warrant is said to have been fatally defective in the following particulars: (1) The affidavit upon which the warrant issued, and upon which must therefore be based the conclusion of probable cause, alleges only a purchase of "beer and pop," without the averment that such beer contained alcohol in excess of ½ of 1 per cent. by volume; (2) the affidavit and warrant described the building to be searched as located on "Silver Street," whereas it was in fact located upon "Mary Street," Bessemer, Mich.; (3) the articles for which search was to be made were insufficiently described only as "intoxicating liquors"; (4) the commissioner failed to direct whether the warrant was to be served "in the daytime" or "at any time of the day or night"; and (5) the copy of the warrant, delivered at the time the search was made, was not a true copy and was therefore an insufficient compliance with the requirements of section 12, title XI, of the act approved June 15, 1917 (18 USCA § 622), known as the Espionage Act, which is made applicable by sections 2 and 25 of title 2 of the National Prohibition Act (27 USCA §§ 11, 39) to searches made under the latter act. None of these contentions is tenable.

 It is conceded by appellant that proof of a sale of "whisky," "wine," "gin," or other of the familiar intoxicants, none of which has ever been known to exist without more than the permissible maximum of alcoholic content, may properly be held to establish a sale forbidden under the National Prohibition Act. Courts will take judicial notice of the intoxicating quality of these beverages although described only by name. Cf. Albert v. U. S., 281 F. 511 (C. C. A. 6); U. S. v. Edwards, 296 F. 512 (D. C. Mich.); In re Hollywood Cabaret, 5 F.(2d) 651 (C. C. A. 2); Fry v. U. S., 9 F.(2d) 38 (C. C. A. 9); Weeke v. U. S., 14 F.(2d) 398 (C. C. A. 8); Allshouse v. U. S., 38 F.(2d) 234 (C. C. A. 3); U. S. v. Barbini, 26 F.(2d) 237 (D. C. Cal.); U. S. v. Ghiorsi, 31 F.(2d) 440 (D. C. Cal.). But it is said that this doctrine does not apply to "beer," citing Keen v. U. S., 11 F.(2d) 260 (C. C. A. 8) and Proulx v. U. S., 32 F.(2d) 760 (C. C. A. 1). The two last-cited cases do hold that the intoxicating nature of a beverage styled "home-brew beer" is not to be inferred from the name alone, notwithstanding the fact that beer is specifically named along with alcohol, brandy, whisky, rum, gin, ale, porter, and wine, in section 1, title 2, of the National Prohibition Act (27 USCA § 4), defining intoxicating liquor. Both cases, however, seem to indicate the opinion that the allegation of a sale of "lager beer," or even "beer without any adjectival modification," would be enough. Whether that may or may not be so as an academic question, we do not deem it necessary to decide. Having alleged the purchase of "beer" in the affidavit and complaint for search warrant, the affiant further avers that "because of the above facts" the National Prohibition Act is being violated in the premises named, and that "on his own knowledge" there then was, upon the premises named, "a certain quantity of intoxicating liquor fit for beverage purposes and containing more than ½ of 1% of alcohol by volume unlawfully acquired, possessed, stored and used in connection with the aforesaid violation of the National Prohibition Act." The affidavit and complaint must be read as an entirety and the statements contained therein must be given that reasonable construction which it is obvious was intended by the parties. Construing the allegation of the purchase of "beer" upon the premises, in connection with the allegations of a thereby resulting violation of the National Prohibition Act, and the averment of the possession

upon the premises of intoxicating liquor fit for beverage purposes containing more than ½ of 1 per cent., etc., we must conclude that the affiant intended to convey the impression of a purchase of "beer" of a quality which fell within the statutory definition of intoxicating liquor, and that the allegations of the affidavit were sufficient justification for the commissioner's finding of probable cause.

■ The description and location of the building to be searched must be held sufficient upon similar principles. "It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." Steele v. U. S., 267 U. S. 498, 503, 45 S. Ct. 414, 416, 69 L. Ed. 757. Perhaps it would have been sufficient, in a place the size of Bessemer, to describe and locate the building simply as the "Sanitary Bottling Works," but to this description we have the further additions that the building was a two-story and basement, brick structure, located "one block west of Peoples State Bank," being the last building on the south side of said block and street, and the upstairs portion being occupied by one Pellegrino Cirocco. This we think was quite sufficient. When it became apparent in identifying the property that a mistake had been made in the name of the street, that portion of the description might be disregarded and reliance placed solely upon the balance. Thus described, the property was easily located, and the case is brought within the doctrine of Steele v. U. S., supra. Compare also People v. Flemming, 221 Mich. 609, 192 N. W. 625; People v. Urban, 228 Mich. 30, 199 N. W. 701.

■ Even less difficulty is encountered with the remaining contentions. "Said intoxicating liquors," for which search was directed, can only be understood as meaning the beer referred to in the affidavit. It is sufficiently descriptive. Cf. Steele v. U. S., supra, at page 504 of 267 U. S., 45 S. Ct. 414, 69 L. Ed. 757; U. S. v. Kaplan, 16 F.(2d) 802 (D. C. Mass.); U. S. v. Edwards, supra.

■ That the commissioner failed to fill in the blank left, or complete the sentence of the search warrant reading "This warrant shall be served at any time of ———," was not prejudicial to appellant. Warrants which contain no direction or permission for service in the nighttime, must be served in the daytime. Service at night is the unusual procedure, that against which the citizen is protected, and that which must be supported by positive allegation. Whether the affidavit here made was sufficient to justify a search at night we need not inquire. It is enough that the search was here made in the daytime. Compare State v. Sabo, 108 Ohio St. 200, 140 N. E. 499; People v. Wittler, 247 Mich. 656, 659, 226 N. W. 685; U. S. v. Lepper, 288 F. 136 (D. C. N. Y.); U. S. v. Callahan, 17 F. (2d) 937 (D. C. Pa.).

■ Lastly, upon this branch of the case, the copy of the warrant left with the custodian of the property at the time of the search was imperfect, in that it purported to have been issued by the United States Commissioner for the Eastern District of Michigan, whereas the property was located in the Western District. This was due to the fact that printed forms were used in drawing the affidavit and warrant. The commissioner corrected the original with pen and ink when issuing the warrant, but neglected to change the carbon. Conceding the statutory obligation to deliver a copy of the warrant, and a receipt for goods taken, at the time of the search and seizure, and even conceding further that the act of Congress intended a "true" copy, we are of the opinion that the search, which was under a warrant otherwise valid in every respect, is not invalidated by the neglect of the officer to perform a purely ministerial duty, and this is especially so where an attempt is made to perform, and the defect in performance is so obvious and of such a trivial nature that no resulting prejudice to the defendant is conceivable. Cf. Rose v. U. S., 274 F. 245 (C. C. A. 6); Gandreau v. U. S., 300 F. 21 (C. C. A. 1).

■ The remaining question to be considered is that of the necessity of a criminal intent upon the part of appellant, before he could be convicted of manufacture and possession of intoxicating liquor. The question is presented in several ways, by the tender and exclusion of evidence, by requests for instructions to the jury, which instructions were refused, and by exceptions to the charge as given. All are founded upon the single contention of the defendant that he was the innocent victim of accident and mistake in that he left instructions for the making of the beer (or near-beer) by a recipe which had theretofore always produced an alcoholic content of less than ½ of 1 per cent., all as shown by certain analyses of the product made several months before the raid, and that there must therefore have been some departure from the instructions given, or, at least, defendant cannot be said to have intended to violate the law. Lacking moral turpitude, the defendant now contends that he must be

10

held innocent of any violation which may thus inadvertently have occurred.

The court charged the jury specifically that if they found the beer was not made in accordance with the instructions of the defendant, they must acquit; but if they found that he had instructed his employee to use a formula which, when used in accordance with his instructions, produced a beverage which contained more than ½ of 1 per cent. of alcohol, and the beer seized was in fact made in accordance with this formula, then they must find defendant guilty under the first count charging manufacture, even though the defendant had not specifically intended this result. This was quite as favorable to the defendant as he could reasonably have asked in a case where the acts forbidden were not mala in se but only mala prohibita. Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185; U. S. v. Balint, 258 U. S. 250, 252, 42 S. Ct. 301, 66 L. Ed. 604; Landen v. U. S., 299 F. 75, 78 (C. C. A. 6); Huth v. U. S., 295 F. 35 (C. C. A. 6); Commonwealth v. Mixer, 207 Mass. 141, 93 N. E. 249, 31 L. R. A. (N. S.) 467, 20 Ann. Cas. 1152.

These are the grounds of alleged error principally relied upon. All other assignments have been considered but are not such as to require, we think, separate treatment.

Finding no error, the judgment of the District Court is affirmed.