## FRY et al. v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit.
November 23, 1925.)

No. 4638.

**1. Intoxicating liquors ⬭248—Affidavit for search warrant held sufficient.**

An affidavit averring that one of the proprietors had offered to sell affiant liquor if properly introduced, that affiant had seen drunken men come from the premises, and had heard drinking and carousing, and had seen persons enter premises without liquor and return with liquor, *held* to state sufficient evidentiary facts to warrant issuance of search warrant.

**2. Intoxicating liquors ⬭249—Search warrant held sufficient.**

A search warrant issued on probable cause, which names the persons "proprietors," and particularly describes premises by number, street, and city, and directs search of the premises used, operated, and occupied in connection therewith, and under the control of the persons named, for liquor, is sufficient, under Comp. St. Ann. Supp. 1919, § 10496¼c.

**3. Intoxicating liquors ⬭249—Search warrant not invalid for indefiniteness, because not describing rooms of lodging house to be searched.**

Where affidavit stated that proprietor of rooming house had liquor for sale, and offered to sell affiant liquor, search warrant, which does not particularly describe rooms to be searched, is not invalid for indefiniteness.

**4. Intoxicating liquors ⬭249—Positive averments that liquor is on premises held to authorize search in nighttime.**

A search warrant, directing that it may be served in the daytime or nighttime, is not invalid, in view of Espionage Act, tit. 11, § 10 (Comp. St. Ann. Supp. 1919, § 10496¼j), where affidavit alleges defendant's offer to sell liquor, thus positively indicating that liquor was on the premises.

**5. Intoxicating liquors ⬭249—Command to sheriff to make return as provided by law held not to make warrant void for indefiniteness.**

Command of a search warrant that officer executing it must make true report of his acts "as provided by law" *held* not so indefinite as to render warrant void, because not specifically requiring a return to be made within 10 days, as required by Comp. St. Ann. Supp. 1919, § 10496¼k.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Riley Fry and Ernest Brown were convicted of conspiracy to violate the National Prohibition Act, and they bring error. Affirmed.

*Certiorari denied 46 S. Ct. 347, 70 L. Ed. ——.

Shorett, McLaren & Shorett and Henry Clay Agnew, all of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. Plaintiffs in error, hereafter called defendants, were convicted of conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); the purpose of the combination being to possess and sell intoxicating liquor, and to conduct and maintain common nuisances at certain places known as the Post Hotel, on Yesler Way, and the Seneca Hotel, at 1203½ First avenue, Seattle. Overt acts charged were that Fry and Brown at various times possessed and sold intoxicating liquor at the two places above named. Brown and Fry brought writ of error.

The validity of the search warrant and seizure is questioned. Affidavit for the search warrant was made by a federal prohibition agent, who set forth that one Riley Fry, Ernest Brown, and John Doe Keeley, and others unknown, "proprietors, and their employés, on the 15th of May, 1924, and thereafter, was and is possessing, transporting, and selling intoxicating liquor, all for beverage purposes; that in addition thereto affiant was told on said date by one of the proprietors that they had liquor for sale and would sell this affiant if he was properly introduced; that on previous occasions this affiant has seen drunken men come from said premises, has heard drinking and carousing in rooms 14 and 15, and has seen parties enter said premises without liquor and return with liquor—all on the premises described as 1203½ First avenue, Seattle, Wash., and on the premises used, operated, and occupied in connection therewith and under control and occupancy of said above parties. * * * * "

The warrant, after usual formal matters, recited that whereas, application for a search warrant had been made on oath, supported by affidavit which included the statements above quoted, except in designation of rooms 14 and 15, continued: "And whereas, the undersigned is satisfied of the existence of the grounds of the said application, and that there is probable cause to believe their existence: Now, therefore, you are hereby commanded to enter said premises in the daytime or nighttime * * * and

then and there search the same, and into and concerning said crime, and to search the persons of said above-named parties, and from him or her, or from said premises, seize any or all property * * * so used in or about the commission of said crime, and any and all intoxicating liquor and the containers thereof," etc.

[1, 2] We are of the opinion that the affidavit contained sufficient statements of evidentiary facts tending to show that defendants illegally possessed liquor. The statement by one of the proprietors of the described place to affiant that they had liquor for sale, and that he would sell to affiant if he were properly introduced, implies that the persons named kept some kind of a resort where they would sell liquor to one to whom they could sell without fear of prosecution. The further statement that affiant heard carousing in rooms 14 and 15 of the premises, coupled with the statement that affiant had seen persons enter the premises without liquor and return with liquor, impel the belief that liquor was unlawfully possessed in the premises described. In Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, the Supreme Court has recently said: "If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient." See, also, Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757. The warrant itself having been issued upon probable cause, supported by affidavit, named the persons "proprietors," and with sufficient particularity described the premises by number, street, and city, and directed search of the premises used, operated, and occupied in connection therewith, and under the control of the named persons. It is sufficient. Section 10496¼c, U. S. Comp. St. Supp. 1919.

[3] The fact that the warrant did not particularly describe any certain rooms to be searched is not fatal, for the reason that the affidavit stated that one of the proprietors said defendants had liquor for sale, and would sell affiant some if he were properly introduced. It is not going too far to say that, if the keeper of a hotel or lodging house holds out that he has liquor for sale on his premises, and soon thereafter search warrant is duly issued to search the house or premises under control of the proprietor, he cannot set up that the warrant is void for indefiniteness merely because it omits to name any particular room or rooms in which he carries on the unlawful business.

[4] Further objection is based upon the fact that the warrant was executed at night, without positive showing in the affidavit that the liquor was then on the premises to be searched. Answer to the point is that the affidavit of the prohibition agent was positive that one of the defendants stated they had liquor for sale, and that liquor was possessed by defendants in the place to be searched. Section 10, title 11, c. 30, of the Espionage Act (Comp. St. Ann. Supp. 1919, § 10496¼j), provides: "The judge or commissioner must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night." The facts authorized the officer who issued the warrant to insert the direction which was contained in the warrant, empowering the agents to make search either in the daytime or nighttime.

[5] The command of the warrant provided that the officer executing it must true report make of his acts "as provided by law." This is said to be so incomplete as to render the whole proceeding void, and Giles v. United States (C. C. A.) 284 F. 208, is cited as supporting that view. There the Circuit Court of Appeals of the First Circuit disapproved of such a warrant, saying that the serving officer should not be left to ascertain and judge of the requirements of the statute (section 10496¼k, U. S. Comp. St. Ann. Supp. 1919), which requires a search warrant to be executed and returned to the judge or commissioner who issued it within 10 days after its date, and that after the expiration of that time the warrant, unless executed, is void. But we think that the command to the officer to make true report of acts done as provided by law is specific enough to require the return to be filed within 10 days. Making the return is a ministerial act, to be performed after executing the warrant (Rose v. United States [C. C. A. 6] 274 F. 245), and if it is made within the 10 days it should not affect the search or seizure made by direct authority of the process.

Upon the whole case, the evidence was clear that search of rooms 14 and 15 revealed a quantity of liquor there, that defendants were jointly interested in the business, and that at various times during several months they had made many sales of liquor on the premises.

The judgment is affirmed.