**14**

## UNITED STATES v. DIANGE.
### No. 10501.

District Court, W. D. Pennsylvania.
Feb. 27, 1940.

George Mashank, Acting U. S. Atty., of Pittsburgh, Pa., for plaintiff.

Harold L. Rothman, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The defendant was indicted November 15, 1939 on two counts: One of depositing and concealing non-paid distilled spirits; and in the other, of carrying on the business of a retail liquor dealer, contrary to law.

On November 25, 1939, defendant petitioned this court to declare illegal three search warrants issued by the Government on May 27, 1939, June 14, 1939 and July 28, 1939 and to suppress the evidence procured thereby. At the hearing, defendant, in support of his petition aforesaid, relied upon the averment therein that said search warrants were illegal in that they failed to name or describe the person whose property was to be searched.

In the answer filed by the Government, it admitted that the search warrant issued June 14, 1939 was illegal for a reason other than that aforestated, and agreed that said search warrant should be suppressed.

At the hearing, the search warrants were offered in evidence. They particularly described the property and place to be searched but they did not name or describe the person. The defendant, the petitioner, was not searched. The question involved is whether a search and seizure made in pursuance to search warrants which particularly describe the property and place to be searched but do not name or describe the person, are legal.

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

There is no requirement therein of describing or naming the person in the warrant.

The Act applicable to search warrants is the Act of June 15, 1917, c. 30, Title XI, 18 U.S.C.A. § 611 et seq. Section 1 provides: "A search warrant authorized by this chapter may be issued * * * by a United States commissioner for the district wherein the property sought is located."

Section 2 provides:

"A search warrant may be issued under this chapter upon either of the following grounds:

\*    \*    \*    \*    \*    \*

"2. When the property was used as the means of committing a felony; in which case it may be taken on the warrant from any house or other place in which it is concealed, or from the possession of the person by whom it was used in the commission of the offense, or from any person in whose possession it may be."

Section 3 provides: "A search warrant can not be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched."

Section 6 provides, if the commissioner is satisfied that there is proper cause, he may issue a search warrant "* * * stating the particular grounds or probable cause for its issue and the names of the persons whose affidavits have been taken in support thereof, and commanding him

forthwith to search the person or place named, for the property specified, and to bring it before the * * * commissioner."

Sections 2 and 6 confer power to issue search warrants, to search either places and property, or persons, or both. This is in harmony with the Fourth Amendment.

From the Fourth Amendment and the sections aforesaid, the intent, apparently, in Section 3 is to authorize the issue of search warrants, to search either places and property, or persons, or both. The above view has been adopted in the following cases: United States v. Friedman, D.C.E.D.Pa., 267 F. 856; United States v. Camarota, D.C.S.D.Cal., 278 F. 388; Petition of Barber, D.C.E.D.Mich., 281 F. 550; Gandreau v. United States, 1 Cir., 300 F. 21; United States v. Leach, D.C.Del., 24 F.2d 965; and Carney v. United States, 6 Cir., 79 F.2d 821.

The search warrants in this case were issued to search the place particularly described therein, without naming or describing any person. In my judgment, they were legal and were issued in conformity with the Fourth Amendment and the Act of 1917.

Let an order be prepared providing for the suppression of the search warrant issued June 14, 1939 and denying the prayer of the petition as to the search warrants issued May 27, 1939 and July 28, 1939.