## UNITED STATES v. DIANGE.
### No. 10501.

District Court, W. D. Pennsylvania.

May 6, 1940.

George Mashank, Acting U. S. Atty., of Pittsburgh, Pa., for plaintiff.

Harold L. Rothman, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

On November 25, 1939, defendant presented his petition to this court, wherein he prayed that search warrants issued by the Government May 27, 1939, June 14, 1939, and July 28, 1939, be held illegal and that the evidence procured thereby be suppressed.

At the hearing on said petition, the Government conceded that the search warrant issued June 14, 1939, should be held illegal and any evidence procured thereby be suppressed. The Court, in an opinion filed February 27, 1940, held that the search warrants issued May 27, 1939, and July 28, 1939, were not illegally issued by reason of the fact alleged in the petition

that said search warrants failed to name the person whose property was to be searched, and an order was made accordingly. 32 F.Supp. 14.

On April 20, 1940, defendant filed another petition, wherein he prays that search warrants issued May 27, 1939, July 28, 1939, and January 2, 1940, be held illegal and any evidence procured thereby be suppressed, on the ground that said search warrants described only a dwelling-house; that said dwelling-house was occupied and used by two different families who occupied and possessed different parts thereof. At the hearing held on this petition, which was prior to the trial on the indictment, it was conceded that the property was a dwelling-house; that it contained two stories and that it was occupied and in possession of two families, each family being in possession of a different part of said dwelling-house.

■ Under the facts, as conceded, the description of the property contained in the aforesaid search warrants was not in sufficient compliance with the Fourth Amendment or the Act of June 15, 1917, 18 U.S. C.A. § 611 et seq. United States v. Louis Fretangelo,[1] 616 Misc., (W.D. Pa.) and cases therein cited.

■ The decision made by this court on the petition of defendant filed November 25, 1939, is not res adjudicata. In Cogen v. United States, 278 U.S. 221, 224, 49 S. Ct. 118, 119, 73 L.Ed. 275, it is stated in the opinion of the Supreme Court written by Mr. Justice Brandeis: "It is not true that the decision on such a motion for the return of papers necessarily settles the question of their admissibility in evidence. If the motion is denied, the objection to the admissibility as evidence is usually renewed when the paper is offered at the trial. And, although the preliminary motion was denied, the objection made at the trial to the admission of the evidence may be sustained. For as was said in Gouled v. United States, 255 U.S. 298, 312, 313, 41 S. Ct. 261, 266 (65 L.Ed. 647): '* * * Where, in the progress of a trial, it becomes probable that there has been an unconstitutional seizure of papers, it is the duty of the trial court to entertain an objection to their admission or a motion for their exclusion and to consider and decide the question as then presented, even where a motion to return the papers may have

---

[1] No opinion for publication.

been denied before trial.' Upon a review of the final judgment against the defendant, both the refusal to order return of the property and its admission in evidence are commonly assigned as errors."

Let an order be prepared and submitted wherein it shall be adjudged that the search warrants named in the petition now before us are illegal and that the evidence procured by virtue thereof is suppressed.