**KENNEY v. UNITED STATES.**

No. 9129.

United States Court of Appeals
District of Columbia.

Argued June 5, 1946.

Decided Sept. 23, 1946.

Mr. James K. Hughes, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Arthur J. McLaughlin, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

By this appeal William C. Kenney challenges the validity of a search warrant, the execution of which yielded evidence leading to his conviction of operating a lottery and possessing materials therefor, in violation of §§ 1501 and 1502, Title 22, District of Columbia Code 1940. He seasonably moved to suppress the evidence obtained through the search on the ground that the search warrant did not properly describe the premises.

■ The warrant commanded the officers to search the "premises occupied by William C. Kenney and over which he has possession and control * * * said premises being described as 2211 N Street, N. W., Washington, D. C." The appellant contends that, as the house at 2211 N Street, N. W. contains two apartments, one on the second floor and one on the third, there was not sufficient particularity of description in the warrant to give it validity. The argument overlooks the fact that, in addition to the street and number of the house, the search warrant described the place to be searched as the "premises occupied by William C. Kenney and over which he has possession and control." The only place searched was the apartment occupied by the appellant. Under practically identical circumstances we held valid the search warrant involved in Shore et al. v. United States.[1]

■ Kenney also complains of the lower court's refusal to permit inquiry into the truthfulness of an affidavit upon which was based a warrant of arrest for Kenney which the officers had at the time of the search. It is sufficient that the affidavit showed probable cause at the time the warrant was issued.

■ The appellant's final contention that a verdict of acquittal should have been directed cannot be sustained, as the record contains ample evidence to justify the trial court in submitting the case to the jury.

Affirmed.

[1] 60 App.D.C. 137, 139, 49 F.2d 519; certiorari denied 283 U.S. 865, 51 S.Ct. 656, 75 L.Ed. 1469.