**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Savannah HINTON, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Susie POWERS, alias Susie Pendle-
ton, Defendant-Appellant.**

**Nos. 11172, 11173.**

United States Court of Appeals,
Seventh Circuit.

Feb. 10, 1955.

Joseph E. Clayton, Jr., Chicago, Ill., R. Eugene Pincham, Chicago, Ill., and Bernice Z. Leaner, Lockport, Ill., of counsel, for appellant.

Robert Tieken, U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

Both of the defendants-appellants were convicted, under one count, of purchasing and selling narcotics, not in stamped packages, in violation of 26 U.S.C.A. § 2553; and, under another count, of receiving, concealing and selling narcotics knowing them to have been illegally imported, in violation of 21 U.S.C.A. § 174. On appeal counsel for the defendants did not appear on the date set for oral argument so the case was submitted to us on the briefs.

The defendants' two principal arguments on appeal are that no probable cause was shown for issuing the search warrant and that the warrant did not describe the place to be searched with sufficient particularity. Both these claims are based on the requirements of the Fourth Amendment which states that:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and *no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched,* and the persons or things to be seized." Fourth Amendment, United States Constitution. (Our emphasis.)

The showing of probable cause and the particularity of the description of the place to be searched are usually treated separately, but in view of the problems presented by this appeal they must be considered together, for the scope of the warrant to search is dependent upon the extent of the showing of probable cause. The command to search can never include more than is covered by the showing of probable cause to search.

In this case one Jane Wilson signed an affidavit stating that on the day previous she had seen heroin being sold on the premises at 6423 Champlain Avenue in the City of Chicago by four different persons: Jane Doe alias Savannah White, Jane Doe alias Mama alias Sceley La Crois, Jane Doe alias Hester, and Jane Doe alias Sue.

The affidavit failed to identify the particular apartment or apartments in which the sales were made and it did not allege that the sales were made in apartments occupied by any of the alleged sellers. On the basis of these meager factual allegations in the affidavit the Government Commissioner issued a warrant commanding the search of the entire building, "basement and three floors." The address named in the warrant is an entire apartment building, the basement and each of the three upper floors of which constitute separate residences.

For purposes of satisfying the Fourth Amendment, searching two or more apartments in the same building

is no different than searching two or more completely separate houses. Probable cause must be shown for searching each house or, in this case, each apartment. If such cause is shown there is no reason for requiring a separate warrant for each resident. A single warrant may cover several different places or residences in a single building. But probable cause must be shown for searching each residence unless it be shown that, although appearing to be a building of several apartments, the entire building is actually being used as a single unit.

 Federal courts have consistently held that the Fourth Amendment's requirement that a specific "place" be described when applied to dwellings refers to a single living unit (the residence of one person or family). Thus, a warrant which describes an entire building when cause is shown for searching only one apartment is void. United States v. Barkouskas, D.C., 38 F.2d 837; United States v. Diange, D.C., 32 F.Supp. 994; United States v. Chin On, D.C., 297 F. 531; United States v. Innelli, D.C., 286 F. 731; United States v. Mitchell, D.C., 274 F. 128. The basic requirement is that the officers who are commanded to search be able from the "particular" description of the search warrant to identify the specific place for which there is probable cause to believe that a crime is being committed. This requirement may be satisfied by giving the address of the building and naming the person whose apartment is to be searched. Kenney v. United States, 81 U.S.App.D.C. 259, 157 F.2d 442; Shore v. United States, 60 App.D.C. 137, 49 F.2d 519. But the warrant here cannot be saved by the limiting effect of naming the persons whose residences are to be searched, because it expressly commanded the search of the entire building, "basement and three floors," and the record shows that the basement and the three upper floors were all searched. The Government's brief would justify this broad search by saying: "The warrant in the instant case plainly and clearly described the premises to be searched. It is, therefore, not general."

 The validity of the warrant depends upon the showing made before the Commissioner at the time of its issuance. Schiller v. United States, 9 Cir., 35 F. 2d 865. It may well be that the affidavit showed probable cause to search the residences of the four women referred to, provided they could be accurately identified from the aliases given. But the affidavit does not establish probable cause to search the entire building without the allegation of facts to show that each of the apartments in the building was the residence of at least one of the persons alleged in the affidavit to have been seen selling narcotics. The record in this case discloses an affidavit establishing probable cause to search the residences of four persons referred to by aliases, and a warrant directing the search of an entire apartment building consisting of four apartments. There is nothing to connect the two except the fact that the narcotics were sold somewhere in the building. On the basis of the affidavit the Commissioner had nothing before him to justify a search of all of the residences at 6423 Champlain Avenue.

If the officers had found that the defendants were the only ones living in the apartment building and that no innocent persons had actually suffered an unjustified search, the warrant would still be invalid. The validity of the warrant is dependent on the facts shown in the affidavit before the issuing authority. The affidavit in this instance did not justify the ensuing warrant, and the fact that no harm was done—the record in this case does not show whether harm in this sense was done or not—would not validate a warrant invalid because of its failure to "particularly" describe the place to be searched.

We are not being overtechnical in this. We are merely insisting, as we must, that in issuing search warrants the requirements of the Fourth Amendment be met. If innocent people were

actually subjected to an unjust search under the warrant in question here, as might well be the case, it could still be argued that the defendants were not harmed thereby and, thus, should not be able to challenge the warrant because its coverage was too broad. The cases already cited make it clear that this argument has not been accepted by the courts because they are determined to discourage the practice of issuing warrants without a sufficient showing of cause, or, as in this case, when the cause shown does not cover as broad an area as the command to search.

The record fails to show whether or not there were persons living in the building who were not referred to in the affidavit, but that fact is not material to a decision here. All we need know is that the warrant was not valid when issued. As a result the search was illegal. The trial court should have granted defendants' motion to quash the warrant and suppress the evidence obtained thereby.

The judgment of the District Court is Reversed.

LINDLEY, Circuit Judge (dissenting).

I regret that I must dissent. First, I think there can be no question as to probable cause for issuance of the search warrant, for the reason that the affidavit upon which it was based contained a positive, unequivocal statement that the affiant had personally observed narcotics, —cocaine and heroin,—being sold on the premises involved, by three different women, the day before the warrant was served. Surely this constituted probable cause for believing that the property was being "used as the means of committing a criminal offense" within the language of the governing rule. Federal Rules of Criminal Procedure No. 41, 18 U.S.C.A.

In the second place, I am unable to convince myself that there was anything unreasonable in the issuance or service of the warrant. Following the language of the affidavit upon which it was based, it directed search of the premises where the sales of narcotics had been observed, viz., the basement and three floors of a dwelling at 6423 Champlain Avenue in Chicago. This was a definite designation of the property to be searched. Upon arrival the officers found different families residing on the different floors. They searched the building, finding there the defendants whose first names were among those mentioned in the affidavit as "Savannah" and "Sue" in illegal possession of narcotics.

I see nothing in these facts justifying a finding of an unreasonable search. In United States v. Lepper, D.C., 288 F. 136, a warrant was directed to a dwelling, parts of which were occupied by different tenants. In United States v. Wihinier, D.C., 284 F. 528, the building searched was an apartment building. In Kenney v. United States, 81 U.S.App. D.C. 259, 157 F.2d 442, the structure consisted of two apartments. In United States v. Nagle, D.C., 34 F.2d 952, the building was a hotel, and some of the rooms were occupied by permanent tenants. In Fry v. United States, 9 Cir., 9 F.2d 38, the property was a rooming house. In all these cases the courts upheld the reasonableness of the search. Here one of the defendants owned the premises; the other was a tenant. Both, according to the affidavit, were selling narcotics in the specific premises named. To my mind, to hold this warrant and the search in pursuance thereof unreasonable is to impose undue limitations upon the constitutional provision forbidding unreasonable searches. I would affirm the judgment.