**UNITED STATES of America**

v.

**Meyer SCHWARTZ.**

**Crim. No. 15056.**

United States District Court
W. D. Pennsylvania.

May 14, 1957.

D. M. Anderson, Jr., U. S. Atty., Pittsburgh, Pa., for plaintiff.

Leonard A. Mazer, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case the defendant by his attorney has filed a motion for return of property and suppression of evidence seized pursuant to a search warrant. After a hearing was held on this motion and after arguments of counsel, the basis for the defendant's motion has been reduced to two points.

The first is that defendant urges that the description of the premises as set forth in the search warrant does not describe them with the particularity required by law.

The premises to be searched are described as 2129–2131 Walton Avenue, Pittsburgh, Pennsylvania. The defendant urges that this description is not specific, nor indicates whether the defendant had possession, control, or occupancy of the premises. In reliance thereof, he cites a series of cases which would indicate that a particular description is required where the building to be searched is one in which there is multiple occupancy. See Kenney v. United States, 81 U.S.App.D.C. 259, 157 F.2d 442, and United States v. Barkouskas, D.C., 38 F.2d 837.

The defendant also cites the case of United States v. Hinton, 7 Cir., 219 F. 2d 324. This case points out that the basic requirement is that the officers who are commanded to search be able from the description in the search warrant to identify the specific place in which there is probable cause to believe that a crime is being committed.

However, it was not shown at the hearing that the description of the premises or 2129–2131 Walton Avenue was not particular. There has been no showing that this was a multiple occupancy building. There is no evidence before this Court that the officers who were charged with the serving and the execution of the search warrant were not

able to ascertain and identify the premises to be searched. This Court cannot say from the mere description alone on the warrant that the premises were a multiple occupancy building or that various persons occupied the building. Some showing would have to be made in order to justify the Court in holding that the description was not particular. It is likely that the premises described in the warrant may have been occupied by the defendant, and if that were the case such a description would undoubtedly be particular. We cannot assume that there was more than one occupant in this building without some showing. See United States v. Barkouskas, 38 F.2d 837. Accordingly, the evidence cannot be suppressed or returned on the grounds that the search warrant did not particularly describe the premises to be searched.

■ The second point that defendant urges is that the evidence be suppressed because there was not probable cause for the issuance of the warrant.

"Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar v. United States, 1948, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879.

The defendant urges that the affidavit of the Special Agent of the Intelligence Division of the Internal Revenue Service for a search warrant does not show probable cause for the issuance of same. In reliance of this position, the defendant cites the case of United States v. Lassoff, 147 F.Supp. 944, in the United States District Court for the Eastern District of Kentucky. In that case the search warrant issued was suppressed on the grounds that the affidavit was insufficient to show probable cause. The affidavit there merely stated that the agent making same had learned that the premises described were being used in gambling activities, and that the rec-

ords of such activities are kept on the premises, and that no gambling stamp has been issued to any person at those premises. The Court in that case was of the opinion that mere sworn general statements set forth in the affidavit were not sufficient to warrant a judicial finding of probable cause for the issuance of a search warrant, and that the search warrant was void.

In this case we must look to the affidavit and determine whether it would warrant a finding of probable cause. By the affidavit it is shown that the affiants had confidential information that a large bookmaking lay-off operation was being carried on at Namey's Grill & Ice Cream Bar, 1001 Second Avenue, New Kensington, Pennsylvania. They further averred that Namey's Grill & Ice Cream Bar had two telephones, and that over 3800 long distance calls were made to or from these telephones. A substantial number were from persons or places who had reputations or records of being in the bookmaking business. They also averred that numerous calls were made from these telephones to the telephones at 2129 Walton Avenue, the premises to be searched. Supplemental affidavits were also attached that the premises at 2129–2131 Walton Avenue were owned by the defendant, Meyer Schwartz and Evelyn Schwartz. But 2131 Walton Avenue appeared to them to be vacant. There was also an affidavit that the calls made to the phones at 2129 Walton Avenue were made during the usual bookmaking hours; and that further affidavits of the District Director of Internal Revenue showed that the records of his office indicated that no occupational wagering-tax stamps had been issued to defendant, Meyer Schwartz, or anyone with a name such as his.

■ The Supreme Court has pointed out that probable cause means more than bare suspicion. The Court must seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also must give fair leeway to law enforcement in the community's protec-

tion. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. See Brinegar v. United States, 1948, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879.

■ Applying the rule of the Brinegar case to the instant situation, this Court is of the opinion that the search warrant issued in this case was issued on an affidavit showing probable cause. Accordingly, defendant's motion to suppress the evidence and for return of the property must be denied.