Carhart, J.
The defendant has filed a motion to suppress evidence seized, pursuant to a search warrant executed at 53 Washington Street, Westfield. The defendant’s motion is ALLOWED.
FACTS
On April 26, 1995 the Westfield Police Department applied for a search warrant for the premises located at 53 Washington Street. The affiant for the search warrant was Alex Baginski, a member of the Westfield Police Department. The search warrant which authorized the search at 53 Washington Street described the premises as follows: “The building is a white, two story, wood frame structure which is located in a high drug related area on the corner of Washington Street and Spring Street and faces south. A brown post, located forward of the entrance door displays #53.”
Upon receiving the search warrant the Westfield Police Department executed the warrant and entered the premises. No. 53 Washington Street is, in fact, a two family house. There are two apartments inside 53 Washington Street, one on the first floor and one on the second floor. The police entered both apartments. Found in the first floor apartment, the premises of the defendant, were cocaine, marijuana, heroin, and drug paraphernalia.
The resident of the second floor apartment, Gary Demosek, was home at 8:00 p.m. on April 26, 1995.. Mr. Demosek was watching television when there was a knock on his door. Upon answering his door three men dressed in black clothing entered his apartment. One of the men grabbed him by the throat and put a gun to his head. The men were, in fact, Westfield police officers. Mr. Demosek was placed on the floor and immobilized for approximately fifteen to twenty minutes. In Mr. Demosek’s apartment with him at the time was his two year old child. No contraband was seized from Mr. Demosek’s apartment.
The affiant, Officer Alex Baginski had previously been to the premises at 53 Washington Street in 1992. In 1992, Officer Baginski obtained and executed a search warrant for 53 Washington Street, first floor apartment. No contraband was seized from the defendant at that time. However the previous search warrant described 53 Washington Street as “the building is a two story wood framed, multi-family structure, which is white in color with brown shutters. Building is located on the corner of Washington and Spring Streets and faces south. Entrance can be gained by entering entrance door located on the southwest corner which is white in color. After entering this door, door to the first floor apartment is directly in front of you and is also white in color. Both are located in front of the entrance.” Officer Baginski, therefore, knew, or should have known, that 53 Washington Street was a multi-family structure and that the defendant lived in the first floor apartment.
Officer Baginski testified at the motion hearing that upon entering the second floor apartment he observed cocaine on a table in Mr. Demosek’s apartment. Officer Baginski testified that he took the substance, which he describes as cocaine, and flushed it down the kitchen sink. I make no finding as to the substance alleged to be cocaine since it was destroyed by the police. It is clear from the search warrant, the affidavit in support thereof, and the knowledge of Officer Baginski, however, that the Westfield police had no right to enter the second floor apartment.
RULINGS OF LAW
The issue in this case is whether the search warrant issued is void due to the fact that the police failed to disclose to the magistrate that 53 Washington Street was a two-unit dwelling. The affidavit, upon which the warrant was issued, contained sufficient probable cause to justify the issuance of a warrant for the defendant’s apartment. However, the affidavit was silent as to any criminal conduct on the part of Mr. Demosek, the defendant’s neighbor, or as to any criminal activity in Mr. Demosek’s apartment. Thus the question in this case requires this Court to analyze the purposes for the exclusionary rule and apply them to the instant case.
The burden is on the defendant to demonstrate that the police reasonably should have known that there were two apartments in what appeared to be a single-family house. Commonwealth v. Luna, 410 Mass. 131, 137 (1991). Such a showing is a prerequisite to the analysis of the propriety of the police conduct in this case. The defendant has satisfied his burden in this case. The same affiant, upon whose statement this warrant was issued, had previously secured a warrant for the same premises and described the home as having two apartments. On the basis of this fact, the defendant demonstrated that the police in this case reasonably should have known that the premises was in fact a multiple-family dwelling.
The defendant seeks suppression of the evidence seized in his apartment on two distinct theories. Primarily, the defendant asserts that the failure to comply with the particularity requirement of the Fourth *294 Amendment and of Article Fourteen of the Massachusetts Declaration of Rights renders the warrant void. In the alternative, the defendant argues that the rationale for the exclusionary rule, to deter police misconduct, warrants suppression of the evidence seized in this case. Both reasons argued in support of suppression individually warrant exclusion of the evidence seized in the defendant’s apartment.
The Fourth Amendment to the United States Constitution contains a particularity requirement which mandates that the search warrant applicant describe the location for which the warrant is sought. The particularity requirement is also mandated under the laws of the Commonwealth of Massachusetts by Article Fourteen of the Massachusetts Declaration of Rights and G.L.c. 276, §§1 &2. Incases of multi-family dwellings, the warrant must describe with particularity the specific unit which is to be searched. U.S. v. Hinton, 219 F.2d 324, 326 (7th Cir. 1955). Pursuant to this particularity requirement, the officers authorized to conduct the search must be able to ascertain the “particular” place for which there is probable cause to search. Id. This reasoning has been followed by the Massachusetts Appeals Court. “A warrant which directs the search of an entire multiple-occupancy building, when probable cause exists to search only one or more separate dwelling units within the building, is void because of the likelihood that all units within the dwelling will be subjected to unjustifiable and indiscriminate search.” Commonwealth v. Erikson, 14 Mass.App.Ct. 501, 504 (1982). In this case, the Court’s concern as voiced in Erilcson was realized. The police did in fact conduct an unjustified search of Mr. Demosek’s apartment. The particularity clause of the Fourth Amendment is specifically designed to prevent precisely this type of conduct. Since the particularity requirement was not met, the warrant is void and the fruits of the search must be suppressed.
The exclusionary rule also requires suppression of the evidence in this case. It has long been recognized that the process of judicial intervention whereby the court suppresses illegally obtained evidence will have a deterrent effect on police misconduct. Mapp v. Ohio, 367 U.S. 643, 656 (1961); Elkins v. United States, 364 U.S. 206, 317-318 (1960); Terry v. Ohio, 392 U.S. 1, 12 (1968). Thus the police are effectively put on notice that their failure to comply with constitutional mandates may very well have the effect of suppression of the evidence necessary to convict the defendant. This concept has been recognized by the Supreme Judicial Court. See Commonwealth v. Upton, 394 Mass. 363, 365-66 (1985). The theoretical basis of such a rule is to compel the police to comply with the individual rights guaranteed by the Fourth Amendment of the United States Constitution and Article Fourteen of the Massachusetts Declaration of Rights. Since the judicial remedy of suppression in this case rests on the basis of an illegal search of another tenant’s apartment, the police misconduct must have been so egregious as to demand judicial action. In this case, the police knew, or should have known, that the building was a multi-family dwelling. However, the police chose to act in a way that violated an innocent citizen’s rights. The potentially devastating effect of such conduct is obvious. If the police choose to act in a precipitous manner without carefully considering the propriety of their actions, they will be faced with the suppression of any illegally obtained evidence.
While the exclusionary rule’s focus is on police deterrence, there is another equally important purpose of the rule. The rule also recognizes the importance of judicial integrity. This purpose of the exclusionary rule has been recognized by the United States Supreme Court. Elkins, 364 U.S. at 222-23; Terry, 392 U.S. at 13. In Terry v. Ohio, the Court noted that:
Courts which sit under our Constitution cannot and will not be made party to lawless invasions of the constitutional rights of citizens by permitting unhindered governmental use of the fruits of such invasions. Thus in our system evidentiary rulings provide the context in which the judicial process of inclusion and exclusion approves some conduct as comporting with constitutional guarantees and disapproves other actions by state agents. A ruling admitting evidence in a criminal trial, we recognize, has the necessary effect of legitimizing the conduct which produced the evidence, while an application of the exclusionary rule withholds the constitutional imprimatur.
Terry v. Ohio, 392 U.S. at 13.
In reviewing the police conduct in this case I find that the police acted in a reckless manner which resulted in an illegal search of an innocent person’s apartment. Such conduct cannot be ignored or even tacitly condoned. The remedy of suppression is a strong one, but is an appropriate one in this case.
Finally, in its two page memorandum of law, the commonwealth complains that it was unable to present testimony as to the officer’s knowledge of activity in the second floor apartment. Such an observation misses the point entirely. Officer Baginski knew, or should have known of the existence of the two separate apartments. If he had information as to illegal activity in the second floor apartment he could have included such information in the affidavit and sought court authorization to search the second apartment. He failed to do so. The fact remains that the police knew or should have known of the existence of two apartments and failed to so inform the magistrate who issued the warrant.
ORDER
For the reasons stated in this opinion, the defendant’s motion to suppress is ALLOWED.