BOUDIN, Chief Judge,
concurring.
The panel opinion convincingly resolves the Fourth Amendment challenge by invoking the Leon doctrine: it shows that the police acted in good faith even if it were assumed that the warrant itself was in some measure defective. It may still be useful to say something about the alleged defect because searches in multi-apartment buildings are common and the problem of the uncertain apartment number recurs.
In this case there were two different glitches. The first was whether the build *101 ing containing Woodbury’s apartment was at 7 Leisure Lane or at Lamb Street. However, this initial uncertainty was not in any way a defect in the warrant, which correctly specified that the building was at 7 Leisure Lane. And, despite the informant’s reference to Lamb Street (from which Leisure Lane is a kind of driveway), there was ample probable cause for a warrant specifying the Leisure Lane address as the location of well verified likely drug dealing by Woodbury.
The warrant thus said clearly that it was for a search of Woodbury’s apartment at 7 Leisure Lane — indeed, specifying the building as “a white multi-unit dwelling with a covered front porch, and a grey shingled roof’; the arguable defect came in the further statement that Woodbury’s own unit was “believed to be the bottom floor left apartment.” This was an accurate statement of the officer’s belief when the application and affidavit were submitted; but, arriving at the building, the agents learned from a neighbor that Woodbury’s apartment was on the second floor.
Under the case law, the Woodbury warrant would be valid and sufficient even if it had not said anything about the location of Woodbury’s apartment within the building. “[A] warrant has been considered valid if it specifies the name of the occupant of the apartment against which it is directed, despite the absence of any physical description of the particular apartment.” United States v. Bedford, 519 F.2d 650, 655 (3d Cir.1975).[4] That the warrant added that the apartment was “probably” in a specific location ought not make it “defective” so as to imply its legal invalidity.
The supposition was correctly stated as merely “probable” and so it is hardly surprising that the agents made further inquiry on arriving at the building. In such cases, as where no apartment number is specified at all, the correct apartment can often be verified from letter boxes or building directories in the lobby; in this case, the information was secured from a neighbor. No attempt was made to enter the apartment until its correct location in the building had been ascertained.
This is thus not a case where a warrant inaccurately authorized a search of a specific apartment: the search authorized was of Woodbury’s apartment in a specific building. It made sense to add further information about its probable location just as it made sense to describe the structure as a white frame building. But no one would describe the warrant as legally “defective” if the warrant had said that the building was at 7 Leisure Lane, adding incorrectly that the building was “probably” gray.
So while Leon is “belt and suspenders,” the premise that there was any defect casting doubt on the validity of the warrant is merely an arguendo assumption. Leon might well have been essential if the warrant had definitively misstated the location of the place to be searched. See United States v. Lora-Solano, 330 F.3d 1288, 1294-95 (10th Cir.2003); cf. United States v. Clement, 747 F.2d 460, 461 (8th Cir.1984). In this case, it is merely the easiest path to affirmance.

. Accord United States v. Vaughan, 875 F.Supp. 36, 42 (D.Mass.1995) ("The particularity requirement with respect to multiunit buildings 'may be satisfied by giving the address of the building ... and naming the person whose apartment is to be searched (quoting United States v. Hinton, 219 F.2d 324, 326 (7th Cir.1955)); 2 Wayne R. LaFave, Search and Seizure § 4.5(b) & n. 60 (4th ed. 2004).